**Roosevelt J.L. BURGESS, III, Appellant**

v.

**UNITED STATES of America, et al., Appellees.**

No. 03–5219.

United States Court of Appeals, District of Columbia Circuit.

March 29, 2005.

**2**

Roosevelt J.L. Burgess, III, Marion, IL, pro se.

Before GINSBURG, Chief Judge, and SENTELLE and ROBERTS, Circuit Judges.

### JUDGMENT

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 17, 2003, and entered August 12, 2003, be affirmed. The district court properly determined that appellant lacks Article III standing to pursue the complaint on behalf of the African–American community and African–American males generally. *See, e.g., Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 166–67, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), cited in *Albuquerque Indian Rights v. Lujan,* 930 F.2d 49, 58 (D.C.Cir.1991). As to the allegations made on his own behalf, the district court properly determined not only that this action is frivolous, but also that it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). Finally, the district court properly concluded that the claim for damages to appellant alone were barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.